1  Richard G. Grotch, Esq. - SBN 127713
   Rachel M. Carr, Esq. - 241459
2  **CODDINGTON, HICKS & DANFORTH**
   **A Professional Corporation, Lawyers**
3  555 Twin Dolphin Drive, Suite 300
   Redwood City, California 94065-2133
4  Telephone:    (650) 592-5400
   Facsimile:    (650) 592-5027
5
   **ATTORNEYS FOR** Defendant
6  DELTA AIR LINES, INC.

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10
   EQUAAN D. SMITH and RUSSELL A.    Case No.
11 ROBINSON,
                                      NOTICE OF REMOVAL FROM
12           Plaintiffs,             SUPERIOR COURT

13 vs.

14 AMERICAN AIRLINES, INC.; DELTA AIR
   LINES, INC.; MICHELLE ROE; AND
15 DOES 1-40,

16           Defendants.
   _____/
17
          TO THE CLERK OF THE COURT:
18
          Defendant DELTA AIR LINES, INC. ("Delta") hereby removes this action from the Superior
19
   Court of the County of Alameda to the United States District Court for the Northern District of
20
   California.
21
                                **I.**
22
                       **PROCEDURAL HISTORY**
23
          On or about December 24, 2007, plaintiffs Equaan D. Smith and Russell A. Robinson filed in
24
   the Superior Court for the State of California in and for the County of Alameda, an action entitled
25
   *Equaan D. Smith and Russell A. Robinson, Plaintiffs v. American Airlines, Inc., Delta Air Lines,*
26
   *Inc.; Michelle Roe; and Does 1-40, Defendants*, Case No. RG 07362890 ("the Action").
27 ///

28 ///

_____

Notice of Removal from Superior Court

1    Delta was served with the summons and complaint on December 26, 2007; according to the

2    proof of service filed in the superior court in the Action, defendant American Airlines, Inc. was also

3    served with the summons and complaint on December 26, 2007.

4        On January 23, 2007, Delta filed and served its answer to plaintiffs' complaint.

## II.

## BASIS FOR REMOVAL

7        Removal of the Action is appropriate pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331.

8    Section 1331 vests federal district courts with jurisdiction over "all civil actions arising under the

9    Constitution, laws, or treaties of the United States." This is an action arising under a treaty of the

10   United States. Plaintiffs' entire complaint against the airlines is founded upon their dissatisfaction

11   with what occurred during the course of travel from the United States to Argentina to the United

12   States. Such travel constitutes "international carriage of persons" as that phrase is used in The

13   Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on

14   28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force

15   Nov. 4, 2003) ("Montreal Convention"). The Montreal Convention is a multilateral treaty governing

16   the liability of air carriers engaged in international transportation. See *Kruger v. United Air Lines,*

17   *Inc.,* 2007 WL 3232443 (N.D. Cal.)  As a treaty ratified by the United States, the Warsaw

18   Convention is the Supreme Law of the Land, and as such, it is "absolutely binding." See U.S.

19   Constitution, Art. VI, cl. 2.

20       Even if the claims were not exclusively governed by the Montreal Convention, or its

21   predecessor, the Warsaw Convention[1] – and by all appearances they are – federal statutes and

22   regulations, including the Transportation Laws of the United States, printed in 49 U.S.C. § 40101

23   *et seq.* and the regulations promulgated by the Federal Aviation Administration pursuant to those

24   laws, preempt all of plaintiffs' state law claims. See *Montalvo v. Spirit Airlines,* 508 F.3d 464 (9th

25   Cir. 2007); *Abdullah v. Am. Airlines, Inc.,* 181 F.3d 363 (3d Cir. 1999).  Accordingly, federal

26   question removal is appropriate. See *Curtin v. Port Auth.,* 183 F. Supp. 2d 664 (S.D.N.Y. 2002).

27

28       [1]Commonly known as the Warsaw Convention, the treaty is formally entitled the Convention
for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000
(1934), T.S. 876 *reprinted in* 49 U.S.C. §40105.

2

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

## III.

### RECEIPT OF INITIAL PLEADINGS

On December 26, 2007, Delta was served with a summons and complaint. A true and correct copy of the complaint is attached hereto as Exhibit "A," and a true and correct copy of the proof of service filed in the Action is attached hereto as Exhibit "B." This document also shows that defendant American Airlines, Inc. was served with the summons and complaint in the Action on December 26, 2007. Delta is informed and believes that defendant "Michelle Roe" has not been served with the summons and complaint. Delta therefore, timely removes this action within the thirty-day period of 28 U.S.C. § 1446(b). A true and correct copy of the answer to plaintiffs' complaint, filed in the Action by Delta, is attached hereto as Exhibit "C."

## IV.

### JOINDER BY ALL DEFENDANTS

Delta's co-defendant, American Airlines, Inc. ("American"), has consented to removal of the Action to this Court. A true and correct copy of American's consent to removal is attached hereto as Exhibit "D."

## V.

### VENUE OF REMOVED ACTION

This Court is the United States District Court for the district embracing the place where the state court action is pending (the Superior Court for the County of Alameda). Therefore, pursuant to 28 U.S.C. §§ 1441(b) and 1446 and this Court's Civil Local Rule 3-2(d), the United States District Court for the Northern District of California, San Francisco Division or Oakland Division, is the appropriate court for the removal of the Action.

///
///
///
///
///
///

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

3

Notice of Removal from Superior Court

1

**VI.**

2

**CONCLUSION**

3    Delta respectfully requests that the Action be removed from the state court in which it was

4    filed, to the United States District Court, Northern District of California.

5    Dated: January 24, 2008                CODDINGTON, HICKS & DANFORTH

6

7    By: _Richard G. Grotch_

8    Richard G. Grotch
     Attorneys for Defendants
9    Delta Air Lines, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

4

Notice of Removal from Superior Court

# EXHIBIT A



*6160376*

1 | Russell A. Robinson, SBN 163937
Law Office of Russell A. Robinson, APC
2 | 345 Grove Street, First Floor
San Francisco CA 94102
3 | Telephone:    415.255.0462
Facsimile:    415.431.4526
4 | e-mail:    rarcases@yahoo.com

5 | Attorneys for Plaintiffs
ÉQUAAN D. SMITH and
6 | RUSSELL A. ROBINSON

**FILED
ALAMEDA COUNTY**

DEC 2 4 2007

CLERK OF THE SUPERIOR COURT
By

SUMMONS ISSUED

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10

11 | ÉQUAAN D. SMITH and RUSSELL A.
ROBINSON,
12 |
Plaintiffs,
13 |
v.
14 |
AMERICAN AIRLINES, INC.; DELTA
15 | AIR LINES, INC.; MICHELLE ROE; and,
DOES 1-40,
16 |
Defendants.
17 | _____/
18 |
Plaintiffs allege as follows:

Case No. RG 07362869

**COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF**

[Other Contract]

**BY FAX**

19 | **ALLEGATIONS**

20 | 1.    Plaintiffs ÉQUAAN D. SMITH and RUSSELL A. ROBINSON are adult residents

21 | of the State of California, County of Alameda.  They are married.

22 | 2.    Plaintiffs are informed and believe that Defendant AMERICAN AIRLINES, INC.

23 | (AA), one of the largest commercial carriers in the world, is a Delaware Corporation operating out

24 | of Fort Worth, Texas, authorized to conduct business and conducting business in the State of

25 | California.  Plaintiffs are informed and believe that Defendant DELTA AIR LINES, INC. (Delta),

26 | is a Delaware Corporation operating out of Atlanta, Georgia, authorized to conduct business and

27 | conducting business in the State of California.

28 | ///

3.    Defendant MICHELLE ROE is affiliated with Delta and had dealings with Plaintiffs on December 19, 2007; on information and belief, MICHELLE ROE is a resident and citizen of the State of California, working for or with Delta at the ticketing counter at Oakland International Airport.  When Plaintiffs ascertain her true last name, Plaintiffs shall seek to amend to state Michelle Roe's true last name.  She is named as Michelle Roe (Michelle).

4.    Having monitored flights from the Bay Area to Argentina for some weeks, on December 11, 2007, Plaintiffs purchased flights on priceline.com for travel from San Francisco, California (SFO) to Buenos Aires, Argentina.

5.    The flights were to originate at SFO on December 19, 2007, at 9:45AM (AA flight #1915), and stop at LAX (Los Angeles).  Plaintiffs were to change planes and depart LAX at 2:25PM, for SCL (Santiago, Chile).  Plaintiffs were to arrive SCL at 6:30AM on December 20, 2007, and to depart SCL for EZE (Buenos Aires, Argentina), at 7:35AM, arriving EZE at 9:30AM, on December 20, 2007.

6.    Plaintiffs were then to travel on LAN Airlines to Mendoza, retrieve a rental car in Mendoza, drive to San Rafael, and conduct business for two days and nights in San Rafael before returning to Buenos Aires on December 22, 2007, for return flights on AA from EZE.  Plaintiffs were to stay the afternoon and night at the Wilton Hotel in Buenos Aires – where they have stayed before – enjoy the city for a full day, and then depart EZE at 11:40PM on December 23, 2007, for arrival at SFO on December 24, 2007.

7.    On December 17 & 18, 2007, Plaintiffs confirmed and re-confirmed online (AA's website) that the plane scheduled to depart SFO on December 19, 2007, at 9:45AM was not canceled, delayed, or otherwise a problem.  As of about 10:30PM on December 18, 2007, there were no problems posted AA's website about any problems with this flight.

8.    Suddenly, the morning of December 19, 2007, about 4:00AM, AA called and told Plaintiffs that their flight that morning from SFO had been canceled and that they were now to depart OAK (Oakland California) at 11:40AM for LAX on Delta Airlines flight #7760.

9.    When they arrived at the OAK ticketing counter for AA as instructed by AA personnel earlier that morning, ticketing agents at the AA counters did not know why Plaintiffs

-2-

1  were there, telling Plaintiffs repeatedly that if they had been re-ticketed on a Delta flight to LAX

2  from OAK that Plaintiffs should proceed to the Delta counter.  After discussions, AA employees

3  finally relented and issued new tickets, with the only changes at that time being from OAK to

4  LAX on December 19, 2007, and final return to OAK December 24, 2007.

5      10.    Once at the Delta counter, Plaintiffs patiently explained the situation to the Delta

6  employee, Michelle.  Initially, Plaintiffs met resistance because the Delta employee, Defendant

7  Michelle, claimed that it was an AA issue, not a Delta issue.  Michelle finally issued boarding

8  passes for the Delta flight out of OAK to LAX.  Plaintiffs were re-ticketed for the Delta flight at

9  OAK.  During this process, Michelle walked from the Delta counter to the AA counter with all

10  three tickets (two adult printed e-tickets and Plaintiffs' paper ticket for their infant son traveling

11  with Plaintiffs) to straighten out some "technical" issues.

12      11.    As Plaintiffs proceeded through security, they realized the paper ticket for their son

13  had not been returned.  That is, Defendant Michelle failed to return their infant son's paper ticket.

14  Robinson returned to the Delta counter to request the ticket.  Michelle claimed that Robinson's

15  wife "put the baby's ticket in her purse."  In fact, Michelle repeatedly said, "I saw your wife put

16  the baby's ticket in her purse."  Doubting this was true, Robinson raced back to check with Smith,

17  and of course the baby's ticket was not in Smith's purse.

18      12.    Robinson eventually was allowed to search behind the Delta counter and in the

19  Delta counter trash.  The baby's ticket was not found.  Robinson looked behind the AA counter

20  and was told by the AA supervisor that she had personally given the ticket-book back to Michelle

21  after stamping it.  Robinson called AA and LAN, neither of which would replace the baby's paper

22  ticket – meaning the baby would not be able to leave LAX on the first international leg to SCL.

23  Robinson informed AA, Delta, and Michelle during this ordeal that it was critical for business

24  reasons for Plaintiffs to make this flight and their connections given the tight schedule once in

25  Argentina and high-season December travel to South America [All the rental cars were rented and

26  connections inside Argentina sold-out.  Given the amount of time invested in planning, Robinson

27  knew it would be impossible to move the arrival in Buenos Aires even one day].

28  ///

1   13.    Smith returned to the Delta counter, where Michelle now claimed that the baby's

2   ticket must have been placed in Plaintiffs' luggage. Smith agreed to a search of Plaintiffs'

3   luggage, but knew the baby's ticket was not there. Smith was permitted behind the Delta and AA

4   counters, searched the trash, and located the baby's ticket on AA's counter, where either Michelle

5   or the AA ticketing agent had left the baby's ticket when Michelle had walked from the Delta

6   counter to the AA counter to straighten out some details for the trip.

7   14.    During the times Robinson and Smith searched for the ticket, both Delta and AA

8   employees were derisive, abusive, and condescending. When Robinson called AA to finally

9   complain, he was told there was nothing AA would do; the problem would have to be handled at

10  the ticketing counter. In fact, this was a familiar refrain during this entire nightmare by all Delta

11  and AA employees, either on the telephone or at various airport counters; that is, "There is

12  nothing I can do for you."

13  15.    The AA agents and supervisor told Robinson all they would do was sell him a new

14  ticket (misplaced by AA/Delta employees) for the baby.

15  16.    While Smith searched, Robinson used the computer terminal at OAK to print-out

16  the closest substitute he could to a paper ticket. Plaintiffs could not miss this trip. They had

17  important meetings scheduled on December 21, 2007, with business people in San Rafael and

18  another meeting with an engineer at 11:00 a.m. in San Rafael on December 22, 2007.

19  17.    The Delta flight was delayed, departing OAK about 12:50PM. Plaintiffs arrived

20  LAX about 2:00PM, and ran from Terminal 5 to the proper area in the Tom Bradley International

21  Terminal at LAX, only to be told they could not board because the plane had left. They were

22  instructed to proceed to the AA counter for tickets on an AA flight departing LAX at 3:30PM that

23  same day for EZE.

24  18.    Plaintiffs proceeded to the AA counter at LAX, were told the 3:30PM flight was

25  full, and that they would have to stay the night at the LAX Hilton. They were given an alternate

26  flight plan, to proceed at 6:00AM on December 20, 2007, to Miami International, with a seven-

27  hour lay-over in Miami, for arrival EZE at 710AM on December 21, 2007. With this new

28  itinerary, Plaintiffs would miss connecting flights within Argentina on December 20, 2007, from

-4-

1  Buenos Aires to Mendoza and then from San Rafael to Buenos Aires. Plaintiffs informed the AA

2  counter-person of these facts at LAX, but were told that there was nothing she could do.

3       19.    The AA counter person gave Plaintiffs two meal vouchers, which she said they

4  could use at the Hilton. Once at the Hilton, Plaintiffs – who had not eaten for about 10 hours –

5  were told that the lunch voucher was good for $20 ($10/each), and the dinner voucher was good

6  for $20 ($10/each). Two people eating two meals each at the LAX Hilton for a total of $40 –

7  Plaintiffs thought this was a mistake.

8       20.    Smith called AA and was told that the only way to obtain more meal money was to

9  return to the counter at LAX and seek more; and, there was no guarantee that additional money

10  would be given. Robinson spoke with Hilton management, who informed him the Hilton gets "a

11  lot of American Airline 'drops' and it is not Hilton's problem." Many "drops" have complained

12  that $10/person for dinner is not enough (where a single-serving pizza is $15.50, and the salad bar

13  is $10.95). Hilton management said that Hilton should not have to absorb the loss.

14       21.    Plaintiffs thus were forced to expend their own money to cover the expense of two

15  meager meals at the Hilton made necessary by AA's conduct.

16       22.    AA did not provide breakfast vouchers for Plaintiffs, and they were forced to eat

17  ridiculously expensive and unsatisfactory food at LAX, again at their own expense.

18       23.    Their trip in ruins, and realizing that traveling to Argentina for arrival on December

19  21, 2007, would be a futile exercise, Plaintiffs requested and AA agreed to return Plaintiffs to

20  OAK via Delta on December 20, 2007, departing at 9:50AM.

21       24.    Plaintiffs lost the complete value of this trip, plus have been forced to submit

22  claims for the value of tickets purchased for travel within Argentina on LAN and Aerolineas

23  Argentinas on December 20, 2007, and December 22, 2007.

24       25.    Plaintiffs missed important meetings in San Rafael on December 21, 2007, and

25  again December 22, 2007. They lost the opportunity to spend the afternoon and evening in one of

26  their favorite cities, Buenos Aires, on December 22, 2007. They lost the opportunity to spend all

27  day December 23, 2007, in Buenos Aires. Robinson lost the opportunity to eat an Argentine steak

28  from the Pampas. Robinson eats only Argentine beef.

26.    Plaintiffs spent the morning and early afternoon December 19, 2007, being lied to by AA and Delta employees and being verbally abused.  The AA supervisor and Delta's Michelle lied to Robinson and Smith.  The missing ticket was found near the supervisor's area.

27.    Plaintiffs submitted claims to AA for the value of their tickets on AA, yet AA has refused as of this filing to refund those tickets.  Plaintiffs also demanded, through the AA claim process, other compensation.  To the extent any of those damages are paid, Plaintiffs pray leave to amend or to supplement this Complaint to reflect the amounts paid through the various other claims procedures; however, to date those claims have proved to be futile exercises.

28.    Plaintiffs designate all persons unknown as Defendants DOES 1-40.  Plaintiffs are informed and believe and thereon alleges that each defendant is, and at all times mentioned herein was, the agent or employee of each other defendant in doing the acts and omissions alleged herein, and were acting within the scope and course of their employment and agency, and are liable to Plaintiffs for the acts and omissions alleged herein.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

29.    Plaintiffs incorporate by reference each of the above allegations.

30.    When Defendants AA, Delta, and Does 1 through 40, and each of them, contracted with Plaintiffs and required Plaintiffs to pay (a) in excess of $4,000 for three tickets to Argentina and (b) to incur expenses, either they promised to perform as Plaintiffs expected or these promises were implied by law as part of the contract between Plaintiffs and Defendants.  By agreeing to transport Plaintiffs on behalf AA, for example, Delta promised AA and Plaintiffs that Delta would get Plaintiffs and their infant to LAX in a timely manner; thus, Plaintiffs also stood as third-party beneficiaries to the contract between AA and Delta.  These provisions obligated Defendants to act in conformance with their fiduciary duties toward Plaintiffs, not to take steps that would unnecessarily prejudice Plaintiffs, and to carry Plaintiffs in a timely manner from SFO to EZE.

31.    The terms of the partly written, partly oral, and partly implied contract upon which Plaintiffs relied, expressly stated by Defendants and/or implied by law, are stated above.

32.    Defendants, and each of them, breached their agreements with Plaintiffs.  As a direct result Plaintiffs were damaged in an amount according to proof at trial.

-6-

1    33.    Defendants, and each of them, breached the contract(s) with Plaintiffs by

2    committing the acts alleged above.

3    34.    As a direct, legal, and proximate result of the breaches by Defendants, and each of

4    them, Plaintiffs suffered and will continue to suffer substantial financial losses and damage caused

5    by the conduct of Defendants and each of them.

6    WHEREFORE, Plaintiffs pray for relief and judgment as set forth below.

7    <u>SECOND CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY</u>

8    35.    Plaintiffs incorporate by reference each of the above allegations.

9    36.    As entities collecting money from Plaintiffs and having unilateral control over

10   access to their planes club on December 19 & 20, 2007, Defendants owed Plaintiffs the highest

11   fiduciary duty; a duty of care to treat Plaintiffs fairly and a duty of loyalty. In short, they were to

12   place Plaintiff's interest above or equal to their own. At the time Defendants AA, Delta, and Does

13   1 through 40, and each of them, bargained with Plaintiffs, and continuing through the present, each

14   maintained a special, or fiduciary, relationship with Plaintiffs. As fiduciaries, each defendant had a

15   duty to act with loyalty and honesty and in a manner consistent with the best interests of Plaintiffs.

16   Putting their interests before Plaintiffs', Defendants and each of them caused Plaintiffs to suffer

17   adverse consequences, caused Plaintiffs to spend unnecessary monies, and caused other losses as a

18   result of these breaches. Plaintiffs suffered damages as a result, according to proof.

19   37.    Defendants, and each of them, breached their fiduciary duty to Plaintiffs.

20   38.    WHEREFORE, Plaintiffs pray for relief and judgment as set forth below.

21   **THIRD CAUSE OF ACTION – BREACH OF THE IMPLIED COVENANT OF GOOD**

22   <u>**FAITH AND FAIR DEALING**</u>

23   39.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

24   40.    As a result of the relationship between Plaintiffs and Defendants, Does 1 through

25   40, and each of them, the expressed and implied promises made in connection therewith, and the

26   acts, conduct, and communications resulting in these implied promises, said Defendants promised

27   to act in good faith toward and deal fairly with Plaintiffs requiring, inter alia, as follows:

28   ///

a.     Each party in the relationship act with good faith toward the other concerning all matters arising from the relationship;

b.     Each party in the relationship act with fairness toward the other concerning all matters arising from the relationship;

c.     No party take any action to unfairly prevent any other party to the relationship from obtaining the benefits of the relationship;

d.     Defendants, Does 1-40, and each of them, would comply with their own promises, representations, and developed customs in dealing with Plaintiffs;

e.     Defendants, Does 1-40, and each of them, would not misappropriate or subvert Plaintiffs' expectations in the agreement; and,

f.     Defendants, Does 1-40, and each of them, would give Plaintiffs' interests as much consideration as they gave their own.

41.     The conduct by Defendants, and each of them, was wrongful, in bad faith, and was a violation of said Defendants' legal duties.  Plaintiffs further allege that said Defendants breached the covenant of good faith and fair dealing when they acted as alleged above.  Having taken Plaintiffs' money and accepting responsibility for timely and efficient transport before December 19, 2007, to have treated Plaintiffs so poorly and then be set-up in such a manner as to exhaust the resources of weary travelers such as Plaintiffs indicate an intent on the part of AA and Does 1-40.

42.     The breaches of the covenant of good faith and fair dealing by Defendants, and each of them, were a substantial factor in causing damage to Plaintiffs.  As a direct, legal, and proximate result of said breaches, Plaintiffs lost substantial benefits in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for relief as hereinafter alleged.

### FOURTH CAUSE OF ACTION –

### <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

43.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

44.     The acts by the individual defendants, specifically Michelle, Does 1-40, and each of them, as described above, were so outrageous that these exceeded the bounds usually tolerated in a civilized society.

1    45.    These Defendants intended, or recklessly disregarded the likelihood, that their acts

2  would cause Plaintiffs to suffer emotional distress, including, but not limited to feelings of anger,

3  worry, concern, anguish, and frustration.

4    46.    As a direct result of the acts of Defendants, and each of them, Plaintiffs suffered

5  and continue to suffer severe and/or extreme emotional distress, including but not limited to

6  humiliation, worry, embarrassment, and upset all to their damage, according to proof at trial.

7    47.    The conduct of said individual Defendants, and each of them, described above was

8  oppressive, fraudulent, and malicious, entitling Plaintiffs to an award of punitive damages in an

9  amount appropriate to punish and make an example of Defendants and each of them.

10    WHEREFORE, Plaintiffs pray for relief and judgment as set forth below.

11    **FIFTH CAUSE OF ACTION – MISREPRESENTATION**

12    48.    Plaintiffs incorporate by reference each of the above allegations.

13    49.    Defendants AA, Delta, Michelle, and Does 1 through 40, and each of them, made

14  representations to Plaintiff and/or ratified the representations by their authorized agents and/or

15  managers.

16    50.    When Defendants made the representations, they knew them to be false, and made

17  these representations with the intention to deceive and defraud Plaintiffs and induce Plaintiffs to

18  act in reliance on the representations, or with the expectation Plaintiffs would so act.

19    51.    Plaintiffs, at the time the representations were made by Defendants, and at the time

20  Plaintiffs took the actions herein alleged, were ignorant of the falsity of statements and believed

21  them to be true.  Had Plaintiffs known the true facts – such as the sheer number of persons AA

22  typically strands at LAX and "drops" at the Hilton – instead of relying on the promise by AA

23  representative at 4:00AM on December 19, 2007, that the flight to LAX from OAK would get

24  Plaintiffs to LAX in time to make their connections, Plaintiffs would not have taken such action.

25    52.    Plaintiffs' reliance on Defendants' representations was justified.  Defendants

26  presumably knew and know more about air travel than the plaintiffs.

27    53.    As a proximate result of the conduct of Defendants, and each of them, Plaintiffs

28  lost money on the trip and suffered damage to reputation in Argentina, business, and profits.

-9-

1    54.    The aforementioned conduct was negligent, reckless, and/or intentional

2   misrepresentation, deceit, and concealment of material facts known to Defendants, with the

3   intention on the part of Defendants of thereby depriving Plaintiffs of property and legal rights, or

4   with intent otherwise to cause Plaintiffs damage; said conduct was despicable that subjected

5   Plaintiffs to hardship and conscious disregard of Plaintiff's rights so as to justify an award of

6   exemplary and punitive damages.

7    WHEREFORE, Plaintiffs pray for relief and judgment as set forth below.

8   **SIXTH CAUSE OF ACTION – INTERFERENCE WITH ECONOMIC ADVANTAGE**

9    55.    Plaintiffs incorporate by reference each of the above allegations.

10    56.    In doing the acts above, Defendants, and each of them negligently, recklessly, or

11   intentionally interfered with an economic relationship between Plaintiffs and persons with whom

12   Plaintiffs conduct business. Had Plaintiffs been notified in a timely manner that they would not be

13   able to use their tickets on AA for the intended purpose and other relevant facts, these persons

14   Plaintiffs would have derived economic benefit.

15    57.    Plaintiffs and their Argentine contacts were in economic relationships that likely

16   would have resulted in an economic benefit to Plaintiffs.

17    58.    Defendants, and each of them knew or should have known of the relationships, and

18   were informed by Plaintiffs of these relationships.

19    59.    Through their conduct, Defendants, and each of them intended to disrupt, or

20   disregarded the fact that they would disrupt, the relationships.

21    60.    Defendants, and each of them engaged in wrongful conduct through the acts and

22   omissions described above.

23    61.    The economic relationships were in fact disrupted.

24    62.    As a proximate result of the conduct of Defendants, and each of them, Plaintiffs

25   suffered the disruption of the economic relationships and damages, according to proof.

26    WHEREFORE, Plaintiffs pray for relief and judgment as set forth below.

27   **SEVENTH CAUSE OF ACTION – NEGLIGENCE**

28    63.    Plaintiffs incorporate by reference each of the above allegations.

-10-

64.    Defendants and each of them, had a duty to act in a reasonable and competent fashion, yet these Defendants acted recklessly and/or intentionally and/or negligently and failed to use that degree of care which reasonable and competent professionals would have used in like or similar circumstances, thus resulting in the injuries and damages alleged herein.  Defendants AA & Delta, and each of them, were negligent in hiring, supervising, training, education, and otherwise breached their duties owed to Plaintiffs.

65.    Plaintiffs are informed that the conduct of the individuals named above was ratified, authorized, and/or condoned by Defendants AA, Delta, Does 1-40, and each of them.

66.    Defendants Michelle, Does 1-40, and each of them, had a duty to act in reasonable and competent fashions.  In spite of their duties owed to Plaintiffs, Defendants acted recklessly and/or intentionally and/or negligently and failed to use that degree of care which reasonable people would have used in like circumstances, resulting in injuries and damages alleged herein.

67.    As a direct, legal, and proximate result of the above-mentioned conduct, Plaintiffs were damaged, in an amount to be proven at trial.

68.    As a further direct, legal, and proximate result of the above-mentioned malicious, willful, and oppressive conduct, Plaintiffs suffered mental and emotional distress, including but not limited to frustration, worry, upset, distress, anxiety, and anguish all to their damage, in an amount to be proven at trial.

69.    The conduct of the individual Defendants described above was oppressive, fraudulent, and malicious, thereby entitling Plaintiffs to an award of punitive damages in an amount appropriate to punish and make an example of Defendants.

WHEREFORE, Plaintiff prays for judgment on this Complaint as follows:

**PRAYER**

A.    For damages, according to proof at trial;

B.    For costs of suit, including reasonable attorneys' fees;

C.    For an Order directing Defendants AA and Delta to create a toll-free call-in center staffed by live persons, able to speak with air-travelers experiencing the kind of travel delays and run-around Plaintiffs suffered December 19, 2007.  The goal would be to create an office of accountability so that

-11-

(1)  lost tickets (which may be traced through the computer systems) can be immediately replaced by any of the carriers on the subject itinerary;

(2)  timely, adequate meals are provided when airlines place passengers at hotels or otherwise strand passengers;

(3)  travelers may make informed decisions on the date of travel when flights are delayed/canceled;

(4)  immediate refunds may be issued for tickets rendered unusable on the date in question by events such as equipment failure, weather, flight delays, and problems created by the airlines themselves; and,

(5)  there exists a meaningful grievance procedure for conduct by AA and Delta employees, such as Defendant Michelle;

D.  For a judgment against Defendants in Plaintiff's favor;

E.  For punitive damages in an amount sufficient to punish these defendants and to deter future, similar conduct; and,

F.  For such other relief as the Court deems just and proper.

Date: _24 Dec. 2007_                          By: _____ Russell A. Robinson
                                              Law Office of Russell A. Robinson, APC
                                              Counsel for Plaintiff
                                              EQUAAN D. SMITH and
                                              RUSSELL A. ROBINSON

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury in this matter.

Plaintiff requests that the matter be designated as a jury action upon the Court's docket.

Date: _24 Dec. 2007_                          By: _____ Russell A. Robinson
                                              Law Office of Russell A. Robinson, APC
                                              Counsel for Plaintiff
                                              EQUAAN D. SMITH and
                                              RUSSELL A. ROBINSON

-12-

# EXHIBIT B



1   Russell A. Robinson, SBN 163937
    Law Office of Russell A. Robinson, APC
2   345 Grove Street, First Floor
    San Francisco CA 94102
3   Telephone:    415.255.0462
    Facsimile:    415.431.4526
4   e-mail:    rarcases@yahoo.com

5   Attorneys for Plaintiffs
    ÉQUAAN D. SMITH and
6   RUSSELL A. ROBINSON

**FILED**
**ALAMEDA COUNTY**

JAN 2 2 2008

CLERK OF THE SUPERIOR COURT
By_____
                        Deputy

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  ÉQUAAN D. SMITH and RUSSELL A.          Case No.    RG-07-362890
    ROBINSON,
12                                          **PROOFS OF SERVICE OF SUMMONS,**
                Plaintiffs,                 **COMPLAINT AND RELATED**
13                                          **MATERIALS ON DEFENDANTS**
    v.                                      **AMERICAN AIRLINES, INC., AND**
14                                          **DELTA AIR LINES, INC.**
    AMERICAN AIRLINES, INC.; DELTA AIR
15  LINES, INC.; MICHELLE ROE; and, DOES
    1-40,
16
                Defendants.
17  _____/

18

19          TO THE CLERK OF THE COURT:

20          PLEASE ACCEPT FOR FILING THE attached proofs of service, showing that Defendants

21  AMERICAN AIRLINES, INC., and DELTA AIR LINES, INC., were served December 26, 2007,

22  with summons, complaint, and related materials.

23

24

25  Date:   January 16, 2008          ___/s/___  Russell A. Robinson
                                      By:    Russell A. Robinson
26                                    Law Office of Russell A. Robinson, APC
                                      Counsel for Plaintiff
27                                    ÉQUAAN D. SMITH and
                                      RUSSELL A. ROBINSON
28

PROOFS OF SERVICE OF SUMMONS, COMPLAINT AND RELATED MATERIALS ON DEFENDANTS AMERICAN AIRLINES, INC.,
AND DELTA AIR LINES, INC.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| russell a. robinson, 163937<br>L/O OF RUSSELL ROBINSON<br>345 Grove Street<br>San Francisco, CA 94102<br>TELEPHONE NO.: (415) 255-0462<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF:

Superior Court of Alameda County
1225 Fallon St. #209
Oakland, CA  94612-4293

PLAINTIFF/PETITIONER: Smith; et al.

DEFENDANT/RESPONDENT: American Airlines, Inc., et al.

CASE NUMBER:
RG07362890

Ref. No. or File No.:
07/AA

**PROOF OF SERVICE OF SUMMONS**

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, ADR Packet

3. a. Party served:  American Airlines, Inc.

   b. Person Served: CT Corporation - Margaret Wilson - Person authorized to accept service of process

4. Address where the party was served:  818 WEST SEVENTH STREET
   LOS ANGELES, CA  90017

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) or (date): December 26, 2007    (2) at (time):  3:00 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   American Airlines, Inc.

   under:      CCP 416.10 (corporation)

7. Person who served papers
   a. Name:          Mario Lopez
   b. Address:       One Legal - 194-Marin
                     504 Redwood Blvd #223
                     Novato, CA  94947
                     415-491-0606
   c. Telephone number:
   d. The fee for service was:  $ 14.95
   e. I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No. 5143
          (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  January 16, 2008

Mario Lopez
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| russell a. robinson, 163937<br>L/O OF RUSSELL ROBINSON<br>345 Grove Street<br>San Francisco, CA 94102<br>TELEPHONE NO.: (415) 255-0462<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of Alameda County
1225 Fallon St. #209
Oakland, CA 94612-4293

| PLAINTIFF/PETITIONER: Equaan D. Smith, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: American Airlines, Inc., et al. | RG07362890 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>07/AA |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, ADR Packet

3. a. Party served: Delta Air Lines, Inc.

   b. Person Served: CSC Corp - Becky DeGeorge - Person authorized to accept service of process

4. Address where the party was served:   2730 GATEWAY OAKS DR STE 100
                                          SACRAMENTO, CA 95833

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) or *(date):* December 26, 2007    (2) at *(time):*  2:05 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

**BY FAX**

   Delta Air Lines, Inc.

   under:    CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:         Tyler Dimaria
   b. Address:      One Legal - 194-Marin
                    504 Redwood Blvd #223
                    Novato, CA  94947
                    415-491-0606
   c. Telephone number:
   d. The fee for service was:  $ 14.95
   e. I am:
        (3)  registered California process server.
             (i)  Employee or independent contractor.
             (ii) Registration No.: 2006-06
             (iii) County SACRAMENTO

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: December 26, 2007

              Tyler Dimaria                                                          *(SIGNATURE)*
          (NAME OF PERSON WHO SERVED PAPERS)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure, § 417.10

FF# 6653982

# EXHIBIT C

1  Richard G. Grotch, Esq. - SBN 127713
   Rachel M. Carr, Esq. - 241459
2  **CODDINGTON, HICKS & DANFORTH**
   A Professional Corporation, Lawyers
3  555 Twin Dolphin Drive, Suite 300
   Redwood City, California 94065-2133
4  Telephone:   (650) 592-5400
   Facsimile:    (650) 592-5027
5
6  **ATTORNEYS FOR** Defendant
   DELTA AIR LINES, INC.
7

ENDORSED
FILED
ALAMEDA COUNTY

JAN 2 3 2008

CLERK OF THE SUPERIOR COURT
By BARTETT
DEPUTY

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10

11  EQUAAN D. SMITH and RUSSELL A.        Case No. RG 07362890
    ROBINSON,
12                                        ANSWER TO PLAINTIFFS'
                    Plaintiffs,            COMPLAINT BY DEFENDANT DELTA
13                                        AIR LINES, INC.
    vs.
14                                        **BY FAX**
    AMERICAN AIRLINES, INC.; DELTA
15  AIR LINES, INC.; MICHELLE ROE; AND
    DOES 1-40,
16
                    Defendants.
17  _____/

18      COMES NOW defendant DELTA AIR LINES, INC. ("DELTA"), and in response to the

19  unverified complaint of plaintiffs EQUAAN D. SMITH and RUSSELL A. ROBINSON on file

20  herein, herewith denies each and every, all and singular, the allegations therein contained, and in this

21  connection, defendant denies that plaintiffs have been injured or damaged in any of the sums

22  mentioned in the complaint, or in any sum whatsoever or at all, as a result of any act or omission of

23  this answering defendant.

24      AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

25  ON FILE HEREIN, DELTA alleges that said complaint, and each cause of action thereof, fails to

26  state facts sufficient to constitute a cause of action against DELTA.

27  ///

28  ///

_____
Answer to Complaint by Defendant Delta Air Lines,
Inc., Case No. RG 07362890

1    AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

2    FILE HEREIN, DELTA alleges that plaintiffs' travel, as alleged, involved international

3    transportation subject to all the terms and conditions of The Convention for Unification of Certain

4    Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty

5    Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal

6    Convention") or the Convention for the Unification of Certain Rules Relating to International

7    Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), note following 49

8    U.S.C. § 40105 ("Warsaw Convention"), as supplemented by the Montreal Agreement of May 4,

9    1966 (CAB 18900, 31 Fed. Reg. 7302), and as amended by Montreal Protocol No. 4 to Amend the

10    Convention for the Unification of Certain Rules Relating to International Carriage By Air, signed

11    at Warsaw on October 12, 1929, as amended by the Protocol Done at the Hague on September 8,

12    1955 ("Montreal Protocol No. 4"), and by all applicable contracts, agreements, tariffs and conditions

13    of carriage, and DELTA may therefore claim exemption from, and limitation of, liability and

14    damages in accordance with the terms and conditions of the said Montreal Convention and/or

15    Warsaw Convention and/or Montreal Agreement and/or Montreal Protocol No. 4, as well as any

16    applicable tariffs, tickets, conditions of carriage, contractual agreements, and the like.

17    AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

18    FILE HEREIN, DELTA alleges that plaintiffs' alleged injuries were not the result of an "accident"

19    within the meaning of Article 17 of the Montreal Convention and/or the Warsaw Convention.

20    AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

21    FILE HEREIN, DELTA alleges that, in accordance with Articles 20-21 of the Montreal Convention

22    and/or the Warsaw Convention, DELTA is not liable to the plaintiffs because the plaintiffs,

23    themselves, were careless and negligent in and about the matters alleged in the complaint and that

24    carelessness and negligence on plaintiffs' own part proximately contributed to the injuries, loss and

25    damage complained of, if any there were.

26    ///

27    ///

28    ///

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

2

Answer to Complaint by Defendant Delta Air Lines,
Inc., Case No. RG 07362890

1    AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

2  FILE HEREIN, DELTA alleges that, in accordance with Article 19 of the Montreal Convention,

3  DELTA and its servants and agents took all measures that could reasonably be required to avoid the

4  damage or that it was impossible for it or them to take such measures.

5    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

6  FILE HEREIN, DELTA alleges that, in accordance with Articles 19 and 22(1) of the Montreal

7  Convention, DELTA's liability for damages caused by delay, if any, is limited by international

8  treaty.

9    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

10  ON FILE HEREIN, DELTA alleges that some or all of the damages claimed by the plaintiffs are

11  limited or not recoverable under applicable law.  Further, in the event damages are to be awarded

12  plaintiffs, such damages should be reduced or offset by various benefits received by or on behalf of

13  plaintiffs under applicable law and should be reduced or offset by any sums advanced by or on

14  behalf of any of the defendants.

15    AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

16  FILE HEREIN, DELTA alleges that plaintiffs' complaint, and each cause of action thereof, is

17  preempted by the federal law, including, but not limited to, the provisions of the Federal Aviation

18  Act of 1958 (Pub. L. No. 85-726, 72 Stat. 731 (recodified as 49 U.S.C. §§ 40101, et seq.) and the

19  Airline Deregulation Act of 1978, 49 U.S.C. § 1305(a)(1), superseded by the Federal Airline

20  Administration Authorization Act of 1994, 49 U.S.C. § 41713, et seq.

21    AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

22  FILE HEREIN, DELTA alleges that plaintiffs' complaint, and each cause of action thereof, is

23  preempted by international treaties to which the United States is a signatory, including but not

24  limited to the Montreal Convention and/or the Warsaw Convention.

25    AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

26  FILE HEREIN, DELTA alleges that plaintiffs may have failed to join persons necessary and

27  indispensable to a just adjudication of plaintiffs' claims.

28  ///

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

3

Answer to Complaint by Defendant Delta Air Lines,
Inc., Case No. RG 07362890

1    AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

2    ON FILE HEREIN, DELTA alleges that plaintiffs' complaint, and each cause of action contained

3    therein, is barred based upon state law which conflicts with specific international treaties, federal

4    laws and regulations and, as such, are preempted as a matter of law.

5    AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

6    ON FILE HEREIN, DELTA alleges that named and/or unnamed third parties were careless and

7    negligent in and about the matters alleged in the complaint; that said carelessness and negligence

8    of said named and/or unnamed third parties proximately contributed to the happening of the incident

9    and to the injuries, loss and damage complained of by plaintiffs, if any there were; that should

10    plaintiffs recover damages, DELTA is entitled to have the amount thereof abated, reduced or

11    eliminated to the extent that said named and/or unnamed third parties' negligence caused or

12    contributed to plaintiffs' injuries, if any.

13    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

14    ON FILE HEREIN, DELTA alleges that plaintiffs failed subsequent to the occurrence described in

15    the complaint properly to mitigate their damages and thereby are precluded from recovering those

16    damages which could have reasonably been avoided by the exercise of due care on their part.

17    AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

18    COMPLAINT ON FILE HEREIN, DELTA alleges that plaintiffs' claims are limited and/or barred,

19    as a matter of law, by applicable tariffs and contract(s) of carriage, including the conditions of

20    contract.

21    AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

22    ON FILE HEREIN, DELTA alleges airlines, including DELTA, do not owe fiduciary duties to their

23    customers because the parties do not stand in a fiduciary relationship.

24    AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

25    ON FILE HEREIN, DELTA alleges that to the extent plaintiffs' action is for alleged personal injury

26    or property damage based upon principles of comparative fault, pursuant to the provisions of

27    California Civil Code § 1431 *et seq.*, the liability of DELTA, if any, for non-economic damages, if

28    any, shall be several only and shall not be joint.

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

4

Answer to Complaint by Defendant Delta Air Lines,
Inc., Case No. RG 07362890

1    AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

2    COMPLAINT ON FILE HEREIN, DELTA alleges that said complaint, and each cause of action

3    thereof, fails to state facts sufficient to constitute a cause of action for punitive or exemplary

4    damages.

5    AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

6    COMPLAINT ON FILE HEREIN, alleges that to permit recovery in respect of the matters herein

7    alleged would violate the provisions of California Const. Art. I, §§ 1, 7, 9, 15 and 16.

8    AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

9    ON FILE HEREIN, DELTA alleges that to permit recovery in respect of the matters herein alleged

10    would violate the provisions of United States Const. Art. I, § 10.

11    AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

12    ON FILE HEREIN, DELTA alleges that to permit recovery in respect of the matters herein alleged

13    would violate the provisions of United States Const., Amend. V, VII, VIII and XIV.

14    AS A TWENTY FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

15    COMPLAINT ON FILE HEREIN, DELTA alleges that to permit recovery in respect of the matters

16    herein alleged would violate the provisions of United States Const., Amend. V, VII, VIII and XIV.

17    AS A TWENTY SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

18    COMPLAINT ON FILE HEREIN, DELTA alleges that plaintiffs' complaint does not state facts

19    sufficient to constitute a claim for injunctive or declaratory or equitable relief.

20    WHEREFORE, DELTA prays that plaintiffs take nothing against it by their complaint; that

21    DELTA have judgment for its costs of suit herein incurred, together with such other and further

22    relief as may be just and proper.

23    Dated: January 23, 2008                CODDINGTON, HICKS & DANFORTH

24

25                                By: _____

26                                    Richard G. Grotch
                                    Attorneys for Defendant
27                                    Delta Air Lines, Inc.

28

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

5

Answer to Complaint by Defendant Delta Air Lines,
Inc., Case No. RG 07362890

# EXHIBIT D

1   KEN M. MARKOWITZ (SBN 104674)
    KYMBERLY E. SPEER (SBN 121703)

2   KENNEY & MARKOWITZ L.L.P.
    255 California Street, Suite 1300

3   San Francisco, CA 94111
    Telephone:   (415) 397-3100

4   Facsimile:    (415) 397-3170

5   Attorneys for Defendant
    AMERICAN AIRLINES, INC.

6

7

8                  SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF ALAMEDA

10                UNLIMITED CIVIL JURISDICTION

11

12   EQUAAN D. SMITH and RUSSELL A.     CASE NO.  RG 07 362890
    ROBINSON,

13                          [ASSIGNED FOR ALL PURPOSES
        Plaintiff,                TO JUDGE STEVEN A. BRICK -

14                          DEPARTMENT 17]
    v.

15

16   AMERICAN AIRLINES, INC.; DELTA     CONSENT TO REMOVAL TO
    AIR LINES, INC.; MICHELLE ROE; and,   FEDERAL COURT
    DOES 1-40,

17

18        Defendants.

19

20       American Airlines, Inc., having been served with plaintiffs' Complaint in this action,

21   hereby consents to removal of this case to federal court by Delta Air Lines, Inc.

22

23   DATED: January 25, 2008          KENNEY & MARKOWITZ L.L.P

24

25                       By:
                            KEN M. MARKOWITZ

26                       KYMBERLY E. SPEER
                       Attorneys for Defendant

27                       AMERICAN AIRLINES, INC.

28



Kenney
&
Markowitz
L.L.P.