Richard G. Grotch, Esq. - SBN 127713
Rachel M. Carr, Esq. - 241459
**CODDINGTON, HICKS & DANFORTH**
**A Professional Corporation, Lawyers**
555 Twin Dolphin Drive, Suite 300
Redwood City, California 94065-2133
Telephone:   (650) 592-5400
Facsimile:   (650) 592-5027
E-mail: rgrotch@chdlawyers.com

**ATTORNEYS FOR** Defendant
DELTA AIR LINES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAAN D. SMITH and RUSSELL A. ROBINSON,<br><br>           Plaintiffs,<br><br>vs.<br><br>AMERICAN AIRLINES, INC.; DELTA AIR LINES, INC.; MICHELLE ROE; AND DOES 1-40,<br><br>           Defendants.<br>_____/ | Case No. C 08-0556 MEJ<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date:     May 8, 2008<br>Time:     10:00 a.m.<br>Courtroom: B – 15th Floor<br><br>Honorable Maria-Elena James |

Pursuant to, and in accordance with, the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and the Court's Order Setting Initial Case Management Conference and ADR Deadlines, plaintiffs EQUAAN D. SMITH and RUSSELL A. ROBINSON and defendants AMERICAN AIRLINES, INC. ("American") and DELTA AIR LINES, INC. ("Delta") (defendants are also collectively referred to as "The Airlines"), respectfully submit the following joint case management conference statement.

   *1.*   *The basis for the court's subject matter jurisdiction over plaintiffs' claims and defendants' counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

///

It is the position of The Airlines that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution, laws [and] treaties of the United States." First, this is an action arising under a treaty of the United States. Plaintiffs' entire complaint against The Airlines is founded upon their dissatisfaction with what occurred during the course of travel from the United States to Argentina to the United States. Such travel constitutes "international carriage of persons" as that phrase is used in the Montreal Convention.[1] The Airlines also submit that even if the claims were not exclusively governed by the Montreal Convention, or its predecessor, the Warsaw Convention[2] – and by all appearances they are – federal statutes and regulations, including the Transportation Laws of the United States, printed in 49 U.S.C. § 40101 *et seq.* and the regulations promulgated by the Federal Aviation Administration pursuant to those laws, preempt all of plaintiffs' state law claims. See *Montalvo v. Spirit Airlines,* 508 F.3d 464 (9th Cir. 2007); *Abdullah v. Am. Airlines, Inc.*, 181 F.3d 363 (3d Cir. 1999). Accordingly, there is a basis for federal question jurisdiction on that basis too. See *Curtin v. Port Auth.*, 183 F. Supp. 2d 664 (S.D.N.Y. 2002).

Plaintiffs' position is that this court lacks subject matter jurisdiction because, in their view, the Montreal Convention is not implicated by the allegations in their complaint. All travel took place within the State of California, on two domestic flights, and the conduct of which plaintiffs complain took place while plaintiffs were on the ground.

The corporate defendants have been served; the individual, fictitiously named defendant has not been served. Plaintiffs know Delta employee "Michelle Roe" by her first name, only, and pray leave to amend to add her surname upon disclosure by Delta Air Lines of her true name and place

---

[1] Known informally as the "Montreal Convention," the treaty is formally entitled The Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal Convention"). The Montreal Convention is a multilateral treaty governing the liability of air carriers engaged in international transportation. See *Kruger v. United Air Lines, Inc.,* 2007 WL 3232443 (N.D. Cal.) As a treaty ratified by the United States, the Warsaw Convention is the Supreme Law of the Land, and as such, it is "absolutely binding." See U.S. Constitution, Art. VI, cl. 2.

[2] Commonly known as the Warsaw Convention, the treaty is formally entitled the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000 (1934), T.S. 876 *reprinted in* 49 U.S.C. §40105.

2

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300

Joint Case Management Conference Statement
C 08-0556 MEJ

where she may be served; upon such written disclosure, plaintiffs request 45 days to amend and to serve Michelle.

*2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiffs allege that the airlines thwarted their ability to journey from San Francisco, California to Buenos Aires, Argentina on December 19, 2007. Plaintiffs were ticketed to fly from San Francisco to Los Angeles on an American flight. (From Los Angeles, they were to fly to Santiago, Chile and then on to Buenos Aires).

Early on the morning of December 19, 2007, plaintiffs were advised by American that their San Francisco to Los Angeles flight had been cancelled and that they had been accommodated on a Delta flight from Oakland to Los Angeles, instead. When they arrived at the Oakland International Airport, they proceeded to the American ticket counter. The American representatives issued new tickets reflecting that they were to depart from and return to Oakland, rather than San Francisco.

When the plaintiffs then went to the Delta counter, there was some confusion about the re-routing on Delta, as well as about the re-ticketing. This led the Delta agent to walk to the American counter with plaintiffs' electronic tickets and their infant son's paper ticket in hand.

After the ticketing issues were resolved, plaintiffs and their son began to go through the security checkpoint. At that time, however, they realized that their son's paper ticket had not been returned to them and they would not be allowed to leave Los Angeles without that paper ticket. Following a search of the Delta and American ticket counters and the surrounding areas, as well as plaintiffs' luggage, the child's ticket was located on the American ticket counter. Plaintiffs allege that throughout this re-ticketing and search process, the airline representatives were "derisive, abusing and condescending." They allege, as well, that Delta agent Michelle "blatantly lied to plaintiffs, repeatedly stating that she saw Smith put the baby's paper ticket in Smith's purse; Michelle then blamed the American personnel for the lost/missing ticket, and then insisted on searching plaintiffs' luggage."

///

///

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300

3

Joint Case Management Conference Statement
C 08-0556 MEJ

According to plaintiffs, the Delta flight was late and they did not arrive in Los Angeles in time to make their connecting flight. They were directed to the American ticket counter so they could take an afternoon flight directly to Buenos Aires, instead. As it turned out, however, the flight to Buenos Aires was full. It was suggested, therefore, that the plaintiffs and their son stay overnight in Los Angeles and fly to Buenos Aires, via Miami, the next morning. Plaintiffs complain about the adequacy of their accommodations at the Los Angeles Airport Hilton as well as about the cost and quality of the food available there. For example, according to plaintiffs, American Airlines placed plaintiffs at the LAX Hilton, but gave them only $10 each for dinner; a simple salad at the LAX is $10.99, and a personal-sized pizza is $16. According to plaintiffs, Hilton personnel explained to them that American Airlines' passengers "dropped" at the Hilton frequently complain about the inadequacy of the meal money.

Believing it was futile to continue on to Buenos Aires, given that they now would not arrive until December 21, 2007, would miss all their connections within Argentina, and have to return to Oakland on December 23, 2007, the plaintiffs elected to return to Oakland on a Delta flight on the morning of December 20, 2007.

The defendants deny their legal responsibility for the damages claimed by plaintiffs and assert that plaintiffs' legal claims are preempted by federal law and/or governed by the contract of carriage between the airlines and the plaintiffs, as well as by all applicable tariffs governing their carriage. If these federal laws and regulations, contractual provisions and tariffs do not invalidate plaintiffs' claims in their entirety, they set limitations on recoverable damages.

**3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.**

These issues include, *inter alia*, all of the following:

A.     Whether the plaintiffs' claims are governed by the Montreal Convention, and if so, whether plaintiffs can establish the necessary elements for a claim under the Convention, and, if so, the preemptive effect of the Convention; as well as the nature and amount of legally recoverable damages;

///

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300

4

Joint Case Management Conference Statement
C 08-0556 MEJ

B. Whether the plaintiffs' claims are preempted by federal law, including but not limited to the Airline Deregulation Act of 1978 and the Federal Aviation Administration Authorization Act of 1994;

C. Whether plaintiffs' claims are governed by the airlines' contracts of carriage, and if so, the impact of those contractual terms on the claims plaintiffs can assert and the damages they may seek to recover;

D. Whether plaintiffs' claims are governed by the applicable tariffs, and if so, the impact of those tariffs on the claims plaintiffs can assert and the damages they may seek to recover;

E. Whether the airlines owed plaintiffs a "fiduciary" duty, and if so, whether any such duty was breached so as to cause plaintiffs compensable damages;

F. Whether plaintiffs can assert a viable, private right of action for "breach of the implied covenant of good faith and fair dealing," where it is claimed that the covenant of good faith and fair dealing is implied in an airline's contract of carriage;

G. Whether the conduct of the defendants was outrageous; whether plaintiffs suffered severe emotional distress as a proximate result of the defendants' conduct; and whether there was any legal justification or excuse for the defendants' conduct;

H. Whether defendants made any fraudulent misrepresentations to plaintiffs, upon which the plaintiffs justifiably relied, to their detriment and damage and whether there was any legal justification, privilege or excuse for the defendants' conduct;

I. Whether plaintiffs can state an actionable claim against the defendants, or any of them, for intentional interference with economic advantage;

J. Whether the defendants, or any of them, breached any legal duty owed to plaintiffs in such a way as to legally cause them compensable damages;

K. Whether plaintiffs can assert a viable claim for injunctive relief; and

L. Whether the federal courts have subject matter jurisdiction over plaintiffs' claims.

///

///

5

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300

Joint Case Management Conference Statement
C 08-0556 MEJ

1    ***4.    Motions: All prior and pending motions, their current status, and any anticipated***
2    ***motions.***

3    There are no pending motions.

4    The defendants may move for summary judgment or partial summary judgment as to
5    some or all of plaintiffs' claims for relief.  Plaintiffs likely will move for remand based on their
6    belief that this Court lacks subject matter jurisdiction over these claims.

7    ***5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are***
8    ***expected to be added or dismissed and a proposed deadline for amending the pleadings.***

9    The parties do not presently anticipate any amendment of the pleadings, except that plaintiffs
10   intend to correct the name of Defendant Michelle Roe, a Delta employee, upon disclosure of
11   Michelle's identity.

12   ***6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues***
13   ***reasonably evident in this action, including interdiction of any document-destruction program***
14   ***and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.***

15   Counsel have advised their clients to preserve any relevant documentation; certain documents
16   already have been collected and are being preserved by counsel.

17   ***7.    Disclosures: Whether there has been full and timely compliance with the initial***
18   ***disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.***

19   By the time the parties appear for the May 8, 2008 case management conference, they will
20   have made their initial disclosures.

21   ***8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any***
22   ***proposed limitations or modifications of the discovery rules, and a proposed discovery plan***
23   ***pursuant to Fed. R. Civ. P. 26(f).***

24   Plaintiffs claim to have served discovery on both airline defendants, before the case was
25   removed to federal court, seeking in part the true name of Defendant "Michelle Roe."  Defendants
26   have no recollection of receiving this discovery.

27   Otherwise, the parties have agreed the discovery limitations set forth in the Federal Rules of
28   Civil Procedure are appropriate in this case.

6

**CODDINGTON, HICKS
& DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300

Joint Case Management Conference Statement
C 08-0556 MEJ

1  **9.     Class Actions: *If a class action, a proposal for how and when the class will be certified.***

Not applicable.

**10.     Related Cases: *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.***

Not applicable.

**11.     Relief: *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.***

Plaintiffs seek to recover general, special and exemplary damages according to proof. Plaintiffs also seek attorneys' fees and injunctive relief, requiring the defendant airlines to create a full-time, live call-in center and "Office of Accountability." Defendants deny that plaintiffs are entitled to any such legal or equitable relief. Plaintiffs deny this is a federal case.

**12.     Settlement and ADR: *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.***

The parties requested an ADR Phone Conference (Doc. 11) and an ADR Phone Conference has been scheduled for May 6, 2008, at 3:00 p.m. (Doc. 12). Through the meet and confer process, on the topic of ADR, the parties collectively expressed a preference for an early settlement conference with a magistrate judge.

**13.     Consent to Magistrate Judge For All Purposes: *Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.***

All of the parties who or which have appeared have consented to Magistrate Judge James for all purposes, including trial and entry of judgment, as follows: Delta consented on January 28, 2008 (Doc. 5); American consented on February 7, 2008 (Doc. 7); and plaintiffs, without waiving the right to challenge the Court's subject matter jurisdiction, consented on April 15, 2008 (Doc. 10).

///

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300

7

Joint Case Management Conference Statement
C 08-0556 MEJ

***14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.***

Not applicable at this time.

***15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.***

At present, there are no suggestions in this regard other than the bringing of motions for summary judgment or partial summary judgment directed to issues of liability and damages and the legal viability of plaintiffs' claims and contentions.

***16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.***

It does not presently appear that this case is appropriate for an expedited schedule.

***17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.***

Counsel for the parties have meet and conferred and agreed to propose the following trial and pre-trial schedule:

   a.   Non-expert discovery cut-off:  January 16, 2009
   b.   Last date for hearing of dispositive motions: January 8, 2009, at 10:00 a.m.
   c.   Plaintiffs' expert disclosures:   January 30, 2009
   d.   Defendants' expert disclosures: February 6, 2009
   e.   Simultaneous disclosure of rebuttal experts: February 13, 2009
   f.   Expert discovery cut-off:  March 6, 2009
   g.   Pre-trial conference:   March 19, 2009
   h.   Trial:    April 13, 2009

***18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.***

This case will be tried to a jury; defendants anticipate the length of the trial would be 3-5 court days; plaintiffs expect this case to be tried in 2-3 days.

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300

Joint Case Management Conference Statement
C 08-0556 MEJ

8

*19.    Disclosure of Non-party Interested Entities or Persons:  Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  Each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

　　　　a.    On January 28, 2008, Delta filed its Certification of Interested Entities or Persons (Doc. 3), identifying the following: Delta Air Lines, Inc. and American Airlines, Inc.;

　　　　b.    On April 11, 2008, American filed its Certification of Interested Entities or Persons (Doc. 9), identifying the following: American Airlines, Inc. and AMR Corp.

*20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Dated: May 1, 2008                                LAW OFFICE OF RUSSELL A. ROBINSON, APC

                                                            /s/ Russell A. Robinson
                                                By: _____
                                                            Russell A. Robinson
                                                            Attorney for Plaintiffs

Dated: May 1, 2008                                KENNEY & MARKOWITZ, L.L.P.

                                                            /s/ Kymberly E. Speer
                                                By: _____
                                                            Kymberly E. Speer
                                                            Attorney for Defendant
                                                            American Airlines, Inc.

Dated: May 1, 2008                                CODDINGTON, HICKS & DANFORTH

                                                            /s/ Richard G. Grotch
                                                By: _____
                                                            Richard G. Grotch
                                                            Attorney for Defendant
                                                            Delta Air Lines, Inc.

9

Joint Case Management Conference Statement
C 08-0556 MEJ

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300