UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Equaan D. Smith, et al, | No. C 08-0556 MEJ (WDB) |
|     Plaintiffs, | *SECOND* CLERK'S NOTICE RESCHEDULING SETTLEMENT CONFERENCE |
| v. | |
| American Airlines, Inc., et al | |
|     Defendants. | |

TO ALL PARTIES AND COUNSEL OF RECORD:

This matter has been referred to U.S. Magistrate Judge Wayne D. Brazil for a settlement conference. Pursuant to the parties' request, the settlement conference scheduled for September 29, 2008, at 2:00 p.m. has been moved.

You are hereby notified that the conference will take place on **Monday, September 15, 2008, at 1:30 p.m.,** in Courtroom 4, 3rd Floor, United States Courthouse, 1301 Clay Street, Oakland, California 94612. **By no later than Tuesday, September 9, 2008,** each party must lodge with the Magistrate Judge a Confidential Settlement Conference Statement. **This Statement must be lodged at the Oakland, California courthouse.** (See Magistrate Judge Brazil's Settlement Conference Standing Order, a copy of which is attached.)

Lead trial counsel must appear at the Settlement Conference with the parties and with the person or persons having **full authority** to negotiate and settle the case. If an insurance company's agreement would be necessary to achieve a settlement herein, a representative of the insurance company with full authority to negotiate and settle up to the limits of coverage also must attend the settlement conference.

1     The parties must notify Magistrate Judge Brazil's law clerk immediately at 510-637-3324
2 if this case settles prior to the date set for settlement conference.
3 Dated: August 27, 2008

                                        Richard W. Wieking, Clerk
                                        United States District Court

                                        *Michelle Sicula*
                                        By: Michelle L. Sicula
                                              Law Clerk/Deputy Clerk

cc: parties,
MEJ, WDB

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL**

**SETTLEMENT CONFERENCE STANDING ORDER**

**I.     Scheduling**

   A.   Settlement conferences hosted by Judge Brazil usually are held on Monday, Tuesday, or Thursday afternoons beginning at either 1:00 p.m. or 2:00 p.m.  Participants are to appear in Courtroom 4 on the third floor of the United States Courthouse at 1301 Clay Street in Oakland, CA.

   B.   To schedule a settlement conference, or to ask to move a settlement conference already scheduled, counsel are to contact Judge Brazil's Administrative Law Clerk by phone at (510) 637-3324.

**II.    Counsel Must Meet and Confer, In Person or by Phone, Before Preparing Their Written Settlement Conference Statements.**

No fewer than <u>ten court days before the settlement conference</u>, counsel for the anticipated participants must meet and confer (in person or voice to voice) to discuss matters pertinent to improving the prospects that the settlement negotiations will be productive.   In these discussions counsel may address any subjects they feel are appropriate – but they <u>must discuss</u> the following:

   A.   Who will attend the conference on behalf of each party, identifying the lawyer and the client representative, as well as any other persons.

   B.   Which persons or entities must approve a proposed settlement agreement before it can be executed; the nature and duration of that approval process; the standards or criteria generally applied in it; and any

1

foreseeable barriers to approval or special concerns that the approving authority might want addressed.

C. Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; whether any insurer will have a representative at the settlement conference and, if so, the name of and position held by each such representative.

D. Whether it would be useful for settlement demands and/or offers to be made before the settlement conference is convened; and whether the parties might want to consider "structured settlements" and, if so, whether experts in structuring settlements should develop proposals in advance and/or attend the conference.

E. Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

F. Whether one or more of the parties will ask that the negotiations include any non-monetary items and/or trades or payments in kind; if so, what any such non-monetary items would be (e.g., reinstatement of employment, a job-reassignment or promotion, retirement status or benefits, other fringe benefits, a letter of recommendation, an apology, a joint venture, a buy-out, a licensing agreement, providing products at no cost or discounts, a press release, etc.).

G. Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel should be alerted to before the settlement conference.

///
///
///

1  **III.  Confidential Written Settlement Conference Statements.**
2       A.  Unless otherwise ordered, **no fewer than seven (7) court days before the settlement conference** each party must deliver to the office of the Clerk of the Court in Oakland (4th Floor, 1301 Clay Street) a **Confidential Settlement Conference Statement** that addresses all matters listed in subparagraph C., below.  **The caption must instruct the Clerk to lodge but not file the Statement**.
           *Failure to timely submit a settlement conference statement may result in sanctions.*
       B.  Parties are **not required to serve** other parties with copies of their Confidential Settlement Conference Statement.
       C.  The **Confidential Settlement Conference Statement,** which may not exceed fifteen (15) pages of text and fifteen (15) pages of exhibits, **must include** the following:
           (i)    a brief chronological statement of the facts of the case;
           (ii)   a brief statement of the <u>principal</u> claims and defenses;
           (iii)  a description of the <u>major</u> factual and legal issues that are in dispute;
           (iv)   separately for each principal claim and defense, a forthright evaluation of the likelihood that the party submitting the Statement will prevail;
           (v)    the bases for any damages calculations, and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands;
           (vi)   a summary of the proceedings to date and a description of any pending motions;
           (vii)  an estimate of the expenses and fees that are likely to be incurred in completing discovery, pretrial, and trial;

3

(viii) a history of past settlement negotiations (without revealing communications whose disclosure to a settlement judge is prohibited), a description of the principal obstacles (factual, legal, or other) to reaching agreement, and the reasons the parties' assessments of the case's settlement value differ;

(ix) each component of each party's most recently communicated settlement demand or offer (describing specifically any non-monetary terms that were demanded or offered);

(x) a settlement figure or terms that, given all the circumstances, is realistic and that the party submitting the Statement would consider seriously; and

(xi) a brief discussion of any of the subjects identified in Section II of this Order that might be significant in the settlement dynamic.

## IV. Required Attendance at Settlement Conferences.

A. Lead trial counsel must appear at the Settlement Conference with the parties and with the person or persons having full authority to negotiate and to settle the case.

B. In all cases where an insurance company's agreement would be necessary to achieve a settlement, the carrier's claims representative, with **full authority** to negotiate up to the limits of coverage, also must attend the Settlement Conference.

C. When a party's final authority to agree to terms of settlement is vested in a governing body, at least **seven (7) court days** before the conference counsel for that party must communicate in writing to Magistrate Judge Brazil and to counsel for other parties how (through whom) the governing body will appear. In addition, counsel must describe the procedure that would be followed in securing that body's consideration of proposed settlement terms.

D. A person **seeking to be excused from appearing in person** at a settlement conference must deliver, **no fewer than seven (7) court days before the conference**, a letter to the Magistrate Judge, simultaneously delivering copies to all counsel. The letter must:

(I) explain in detail why attendance in person would impose an extraordinary or otherwise unjustifiable hardship;

(ii) explain why the fact that the person would not attend in person would have no adverse impact on the parties' and the court's ability to pursue and achieve the purposes of a settlement conference;

(iii) state realistically the amount in controversy in the case;

(iv) indicate whether the other parties oppose or do not oppose the request; and

(v) be accompanied by a proposed order.

E. Within two (2) court days of receiving a copy of another person's request to be excused from attending a settlement conference in person, a party who opposes the request must deliver (by fax or otherwise) simultaneously to all other parties and to Magistrate Judge Brazil a writing that details the grounds for the objection. Judge Brazil's fax number is 510-637-3327.

F. **A party who is excused from appearing in person <u>must</u>** be available to **participate by telephone** <u>throughout the conference</u>. *Failure to be available for participation by phone for the full duration of the conference may result in imposition of sanctions.*

## **V.** **Requests for Continuances**.

A. Any request to continue a settlement conference must be submitted in writing at least seven (7) court days in advance and only after consultation with all other parties. The request must indicate whether it is joined or opposed by the other parties.

1  B. If the date to which a continuance is sought would be past a deadline for
2     holding the settlement conference that was set by the judge to whom the
3     case is assigned for trial, the party seeking the continuance must secure
4     permission from that judge to hold the settlement conference during the
5     proposed new time frame <u>before seeking the continuance from Magistrate
6     Judge Brazil</u>. A writing evidencing the assigned judge's extension of the
7     deadline must accompany the party's request to Judge Brazil for the
8     continuance.

10 **VI.  Notification that Case Terminated Before Settlement Conference.**

11  The parties must notify Judge Brazil's administrative law clerk immediately if
12 they settle their case or it is otherwise terminated before the date set for the settlement
13 conference.

IT IS SO ORDERED.

Dated:   September 15, 2003          /s/  Wayne D. Brazil
                                     WAYNE D. BRAZIL
                                     United States Magistrate Judge

6